CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

JUN 1 2 2007

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| THOMAS TULLY, | ) | |
| Plaintiff, | ) | Civil Action No.7:07-cv-00283 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| FRED HILDEBRAND, <u>et al.</u>, | ) | By: Hon. Samuel G. Wilson |
| Defendant. | ) | United States District Judge |

Plaintiff Thomas Tully, a Virginia inmate proceeding <u>pro se</u>, filed this civil action pursuant to the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. Plaintiff asks for <u>in forma pauperis</u> status, seeking to proceed without prepayment of the $350.00 filing fee, pursuant to 28 U.S.C. § 1915. Upon review of court records, the court finds that the action must be dismissed without prejudice under Subsection (g) of §1915 unless Tully prepays the filing fee in full within ten (10) days.

Section 1915(g), enacted as part of the Prison Litigation Reform Act of 1996 ("PLRA"), provides that a prisoner may not bring a civil action without prepayment of the filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The court takes judicial notice of the fact that plaintiff has had at least three civil actions or appeals dismissed as frivolous or for failure to state a claim. See <u>Tully v. Brehm, et al.</u>, 7:99-cv-00025 (W.D. Va. 1999) (dism'd under § 1915(e)(2)); <u>Tully v. Long, et al.</u>, 7:07-cv-00165 (W.D. Va. 2007); <u>Tully v. Spicer, et al.</u>, 7:07-cv-00188 (W.D. Va. 2007). The court thus finds that plaintiff has at least three "strikes" within the meaning of §1915(g). Therefore, the court also finds that he cannot file

1

this civil action or any other civil action without prepayment of the $350.00 fee required for filing civil actions* unless he demonstrates that he is "under imminent danger of serious physical injury." §1915(g); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001) (restating "imminent danger of serious physical harm" standard).

Tully complains that in October 2006, officials at the Northwestern Regional Adult Detention Center in Winchester, Virginia, conducted a contest between housing units, awarding a pizza dinner to the cleanest housing unit. According to plaintiff, his unit was ineligible for the prize, but was not informed of its ineligibility until after all housing units were inspected. In Tully's view, this "inequality" between housing units violates constitutional standards. However, the court finds Tully fails to demonstrate any imminent danger of serious physical harm. Accordingly, the court shall deny his motion to proceed without prepayment of the filing fee and, if he fails to prepay the $350.00 filing fee within ten (10) days, the court shall dismiss this action without prejudice, pursuant to §1915(g). An appropriate order shall be entered this day.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendant.

ENTER: This 12th day of June, 2007.

United States District Judge

---

*This fee is set by statute. See 28 U.S.C. § 1914(a).